# United States Court of Appeals for the Fifth Circuit

---

No. 21-50067
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

August 22, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Michael Corral,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:20-CR-357-1

---

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*][1]

Michael Corral pleaded guilty without a plea agreement to transporting illegal aliens for financial gain under 8 U.S.C. § 1324(a)(1)(A)(ii) and (B)(i). The district court sentenced him within the

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

[1] Judge Haynes concurs in the judgment only.

advisory guidelines range to 30 months' imprisonment and three years' supervised release. The Western District of Texas has a standing order setting forth the standard conditions of supervised release. At the sentencing hearing, the district court imposed the "standard and mandatory conditions of supervision" without explicitly stating the standing order was the source of those conditions. Nor did the pre-sentence report mention the standing order. Corral's written judgment included mandatory and standard conditions which are identical to those in the Western District of Texas's standing order. Corral timely appealed. The Federal Public Defender appointed to represent Corral on appeal moved to withdraw in accordance with *Anders v. California*, 386 U.S. 738 (1967). This court denied the motion.

Corral contends that the court's imposition of the standard and mandatory conditions detailed in the court-wide standing order was invalid because the conditions were never properly pronounced as required by *United States v. Diggles*, 957 F.3d 551, 556–59 (5th Cir. 2020) (holding the district court must pronounce conditions of supervised release unless their imposition is required by 18 U.S.C. § 3583(d)). Because Corral did not object when the district court pronounced that it was imposing the standard and mandatory conditions, he forfeited his objection. *See United States v. Martinez*, 15 F 4th 1179, 1181 (5th Cir. 2021) ("*Joshua Martinez*"). Thus, our review is for plain error. *United States v. Martinez*, 47 F.4th 364, 366 (5th Cir. 2022) ("*Alexander Martinez*").

The district court did not err. "[O]ral pronouncement does not mean that the sentencing court must recite the conditions word-for-word." *United States v. Grogan*, 977 F.3d 348, 352 (5th Cir. 2020). Rather, it is enough for the court to make oral short-hand reference to "standard conditions" that exist in the court's standing order. *See United States v. Vargas*, 23 F.4th 526, 528 (5th Cir. 2022) (holding that the "key observations" were the court's reference to the standard conditions and the standing order) (citing *Joshua*

No. 21-50067

*Martinez*, 15 F.4th at 1181); *Diggles*, 957 F.3d at 560-63 & n.5; *see also United States v. Baez-Adriano*, 74 F.4th 292, 299 n.3 (5th Cir. 2023) (collecting cases). Furthermore, it is irrelevant whether the PSR mentions the standard conditions. *See Vargas*, 23 F.4th at 528.

At the sentencing hearing the district court made sufficient short-hand reference to the standing order by imposing "standard and mandatory conditions of supervision." *See Joshua Martinez*, 15 F.4th at 1181. Corral did not object. The conditions in the standing order tracked those imposed in the written judgment. *See Alexander Martinez*, 47 F.4th at 368. The district court, thus, did not err, let alone "seriously affect the fairness, integrity, or public reputation of judicial proceedings" generally. *Puckett v. United States*, 556 U.S. 129, 135, 129 S. Ct. 1423, 1429 (2009) (internal quotation marks omitted).

AFFIRMED.